# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE A. CREAMER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 13-4076-RDR** |
| ) | |
| **ROOKS COUNTY, KANSAS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On July 16, 2013, plaintiff filed a pro se complaint. The complaint alleges false arrest and false imprisonment, assault, discrimination on the basis of disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the killing of plaintiff's two dogs. More specifically, the complaint alleges that on March 25, 2013, plaintiff's car ran out of gas. A law enforcement officer named Dan Spears stopped to assist plaintiff. Later, another law enforcement officer named Chris Davis arrived and allegedly assaulted plaintiff by slamming her up against her car and pressing his body against plaintiff's in a sexual manner. According to the complaint, plaintiff had her two dogs in her car's backseat. Plaintiff alleges vaguely that the police officers turned plaintiff over to High Plains Mental Health and Larned State Hospital, while taking her dogs to a local veterinarian named A.D. Kelly. According to the complaint, when

plaintiff was released from Larned State Hospital, she learned that the dogs had been euthanized on April 5, 2013. Plaintiff names the following defendants in the caption of her complaint: Rooks County Plainville, Kansas Law Enforcement; Chris Davis; Dan Spears; Troy Rudman; and A.D. Kelly.

Plaintiff was granted leave to proceed in forma pauperis in this matter on August 21, 2013. Doc. No. 7. The order granting plaintiff in forma pauperis status directed the U.S. Marshals Service to withhold service of process until further order of the court. Id. This case is now before the court upon a show cause order issued by U.S. Magistrate Judge Sebelius and a motion for service of process filed by plaintiff.[1]

On August 21, 2013, U.S. Magistrate Judge Sebelius issued a show cause order directing plaintiff to show cause why this case should not be dismissed for failure to state a claim upon which relief may be granted. The order reviewed the general requirements of pleading a plausible claim as set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and focused upon plaintiff's claim of discrimination in violation of the ADA. The order stated that plaintiff had failed to plead in what area of public life she was discriminated.

---

[1] The court has attempted to construe plaintiff's pleadings liberally. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). But, the court will not supply factual allegations to fill out plaintiff's complaint or construct a legal theory on her behalf. Id.

2

In response to the show cause order, plaintiff filed a pleading which states:

> This case involves 42 U.S.C. Sec. 1983 contributory negligence of officers and employees of the federal system in the scope of their duties allowing the death of plaintiff's dogs and the personal injury to [plaintiff]. Therefore, she is entitle[d] to relief due to the duress and injury of the government employees false arrest of her causing the veterinary to kill her dogs. Demand for relief is sought by the conspiracy of the county's conduct.

Doc. No. 8.

This response fails to show cause why the court should not dismiss plaintiff's disability discrimination claim. Aside from stating that she has PTSD, the complaint provides no facts to support a plausible claim that plaintiff suffered discrimination on the basis of a disability. This is inadequate. See Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010)(conclusory allegations of discrimination fail to state a claim for relief).

The show cause order and plaintiff's motion for service compel the court to consider whether it would be proper to order service of process. Upon review, the court finds that there are insufficient allegations in the complaint to justify directing service of process upon Troy Rudman, Dan Spears or A.D. Kelly.

There are no specific allegations in the complaint regarding Troy Rudman and the only allegations regarding Dan Spears do not assert wrongdoing. Accordingly, there are no grounds upon which to find a cause of action against them or to

3

order service of process upon them. See Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(to establish an individual capacity claim a § 1983 complaint must make clear exactly who is alleged to have done what to whom).

The court also finds that the complaint does not state a plausible cause of action under § 1983 against A.D. Kelly. Section 1983 only allows for liability against individuals whose conduct is "fairly attributable" to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Section 1983 excludes from its coverage "merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Here, the complaint does not allege A.D. Kelly was acting upon the order of law enforcement officers in taking custody of the dogs. While plaintiff does allege that Kelly obtained possession of the dogs from law enforcement officers, plaintiff does not allege that Kelly was acting as an agent of the officers or upon the direction or significant encouragement of the officers, as opposed to simply volunteering to take possession of the dogs. In addition, plaintiff does not allege facts showing that Kelly's conduct was governmental in character. There are no allegations that Kelly relies upon governmental assistance and benefits or that Kelly is performing a traditional governmental function in Rooks County, or that the loss of the dogs was

4

aggravated in a unique way by the incidents of government authority. These are the factors a court may consider in determining whether a particular action or course of conduct is governmental in character. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 621-22 (1991). The court acknowledges that plaintiff throws out the term "conspiracy" in her response to the show cause order. However, mere conclusory allegations of conspiracy are not sufficient to state a claim of conspiracy. Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994). After considering plaintiff's allegations in light of these factors, the court finds that plaintiff does not state a plausible § 1983 claim against A.D. Kelly. See Chambers v. Doe, 453 F.Supp.2d 858, 872 (D.Del. 2006)(humane society was not a state actor when it disposed of the body of a dog which had been shot by police).

In plaintiff's response to the show cause order, she references "42 U.S.C. Sec. 1983 contributory negligence" of officers in the death of her dogs and the personal injury to plaintiff. Negligence, however, does not suffice to support a § 1983 claim. Daniels v. Williams, 474 U.S. 327, 328 (1986)(Due Process Clause is simply not implicated by a negligent act causing unintended loss or injury to life, liberty or property); J.W. v. Utah, 647 F.3d 1006, 1012 (10th Cir. 2011)(no § 1983 action for negligent supervision); Thomson v. Salt Lake County,

584 F.3d 1304, 1316 (10th Cir. 2009)(no § 1983 action for negligent training of police dog).

Plaintiff does not identify whether she wishes to sue the Rooks County Sheriff's Department or the Plainville Police Department. We do not believe that either entity may be sued. See Johnson v. Figgins, 2013 WL 1767798 *5 (D.Kan. 4/24/2013)(governmental sub-units such as sheriff's departments and municipal police departments are not suable entities); Creamer v. Ellis County Sheriff Dept., 2009 WL 1870872 *5 (D.Kan. 6/29/2009)(same holding in case filed by plaintiff in this case); Sparks v. Reno County Sheriff's Dept., 2004 WL 1664007 *4 (D.Kan. 7/26/2004)(county sheriff's departments are not suable entities); Wright v. Wyandotte County Sheriff's Department, 963 F.Supp. 1029, 1034 (D.Kan. 1997)(Wyandotte County Sheriff's Department is an agency of the county and is not itself capable of being sued). In any event, for plaintiff to assert a plausible § 1983 claim against either entity or Rooks County or the City of Plainville, she would have to allege that the department's policies or customs were the cause or the "moving force" behind the alleged constitutional deprivation. See Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1317 (10th Cir. 1998). Plaintiff does not assert facts which would create a plausible causal connection between her

alleged injuries and the policies or customs of any Rooks County law enforcement agency.

In sum, Chris Davis is the only defendant listed in the caption of plaintiff's complaint who is linked to a plausible claim. The other listed defendants do not have plausible claims against them described in the complaint for the following reasons: some of the defendants are not suable entities; some of the claims are legally flawed; and plaintiff fails to allege what some of the defendants actually did to cause her injury.

If plaintiff wishes to file an amended complaint, she may do so within 30 days. The court will defer ruling upon plaintiff's motion for service during this 30-day period. If plaintiff does not file an amended complaint, the court shall proceed upon the original complaint.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge